# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**JAMES IRA CONEY, PLANTATION SWEETS, INC., NARCISO O. PEREZ, PEREZ FORESTRY, LLC, and ROBBIE LOVETT,**<br><br>Defendant. | Civil Action No. 6:15-cv-00095-JRH-GRS |

## ANSWER OF DEFENDANT JAMES IRA CONEY

COMES NOW Defendant James Ira Coney ("Mr. Coney") and, for his Answer to Plaintiff's Petition for Declaratory Judgment (the "Petition"), states in short and plain terms his defenses to each claim asserted against him and admits or denies the allegations asserted against him by Plaintiff Allstate Insurance Company ("Allstate"):

## First Defense

The Petition fails to state a claim upon which relief can be granted.

## Second Defense

There is a lack of subject-matter jurisdiction with respect to some or all the claims made by Allstate in this action.

## Third Defense

Some or all of Allstate's claims fail to present a case of actual controversy within the jurisdiction of this Honorable Court.

## Fourth Defense

Mr. Coney affirmatively states the defense of estoppel.

## Fifth Defense

Mr. Coney affirmatively states the defense of justification.

## Sixth Defense

Mr. Coney affirmatively states the defense of laches.

## Seventh Defense

Mr. Coney affirmatively states the defense of waiver.

## Eighth Defense

No action of any of the Defendants or any failure to act by any of the Defendants has been prejudicial to Allstate.

## Responses to Allegations Asserted by Plaintiff

1.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Petition.

2.

Mr. Coney admits the allegations contained in Paragraph 2 of the Petition.

3.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Petition.

4.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Petition.

5.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Petition.

6.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Petition.

7.

In response to Paragraph 7 of Plaintiff's Petition, Mr. Coney denies that the Court has subject-matter jurisdiction over some or all the claims made by Allstate in this action. Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7 of the Petition.

8.

In response to Paragraph 8 of Plaintiff's Petition, Mr. Coney admits only that the amount he seeks with respect to the injuries he suffered as a result of the negligence of Allstate's insured and others exceeds $75,000.00. Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 8 of the Petition.

9.

In response to Paragraph 9 of Plaintiff's Petition, Mr. Coney denies that the Court has subject-matter jurisdiction over some or all the claims made by Allstate in this action. Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9 of the Petition.

10.

In response to Paragraph 10, Mr. Coney admits that he contests Allstate's position in regard to the parties' rights and obligations under the document Allstate has identified as the "Policy." However, Mr. Coney denies that some or all of Allstate's claims present a case of actual controversy within the jurisdiction of this Honorable Court, denies that the Court has subject-matter jurisdiction with respect to some or all the claims made by Allstate in this action, and denies the remaining allegations contained in Paragraph 10 of the Petition.

11.

Mr. Coney admits the allegations contained in Paragraph 11 of the Petition.

12.

Defendant admits the allegations contained in Paragraph 12 of the Petition.

13.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Petition.

14.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Petition.

15.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Petition.

16.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Petition.

17.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Petition.

18.

Mr. Coney admits the allegations contained in Paragraph 18 of the Petition.

19.

Mr. Coney admits the allegations contained in Paragraph 19 of the Petition.

20.

Mr. Coney denies the allegations contained in Paragraph 20 of the Petition.

21.

Mr. Coney denies the allegations contained in Paragraph 21 of the Petition.

22.

In response to paragraph 22 of the Petition, Mr. Coney shows that a true and correct copy of the Complaint and the Amended Complaint he filed in what

Allstate calls the "Underlying Lawsuit" and the "Tort Action" are attached to the Petition. Mr. Coney's assertions are fully stated in those documents. Mr. Coney admits the allegations contained in Paragraph 22 of the Petition to the extent they are in conformity with those documents and denies the allegations contained in Paragraph 22 of the Petition to the extent they differ from those documents.

23.

In response to paragraph 23 of the Petition, Mr. Coney shows that a true and correct copy of the Complaint and the Amended Complaint he filed in what Allstate calls the "Underlying Lawsuit" and the "Tort Action" are attached to the Petition. Mr. Coney's assertions are fully stated in those documents. Mr. Coney admits the allegations contained in Paragraph 23 of the Petition to the extent they are in conformity with those documents and denies the allegations contained in Paragraph 23 of the Petition to the extent they differ from those documents.

24.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Petition.

25.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Petition.

26.

Mr. Coney denies the allegations contained in Paragraph 26 of the Petition.

27.

In response to Paragraph 27 of the Petition, Mr. Coney admits that Defendant Perez Forestry was not initially named as a defendant in what Allstate calls the "Tort Action" but denies that Defendant Perez Forestry "was subsequently added as a party via Defendant Coney's Amended Complaint." Defendant Perez Forestry was added as a party defendant pursuant to an Order of the Superior Court of Tattnall County.

28.

Mr. Coney denies the allegations contained in Paragraph 28 of the Petition.

29.

Mr. Coney denies the allegations contained in Paragraph 29 of the Petition and denies that Allstate is entitled to a judicial determination as to any of the things listed in Paragraph 29 of the Petition.

30.

Mr. Coney denies the allegations contained in the bold, underlined, language between Paragraphs 29 and 30 on page 9 of the Petition that is numbered I.

31.

In response to paragraph 30 of the Petition, Mr. Coney adopts and incorporates herein by reference his foregoing responses to Paragraphs 1 through 30 of the Petition as if set forth fully herein.

32.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Petition.

33.

Mr. Coney denies the allegations contained in Paragraph 32 of the Petition.

34.

Mr. Coney denies the allegations contained in Paragraph 33 of the Petition.

35.

Mr. Coney denies the allegations contained in Paragraph 34 of the Petition.

36.

Mr. Coney denies the allegations contained in Paragraph 35 of the Petition.

37.

Mr. Coney denies the allegations contained in the bold, underlined, language between Paragraphs 35 and 36 on page 11 of the Petition that is numbered II.

38.

In response to paragraph 36 of the Petition, Mr. Coney adopts and incorporates herein by reference his foregoing responses to Paragraphs 1 through 35 of the Petition as if set forth fully herein.

39.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Petition.

40.

Mr. Coney denies the allegations contained in Paragraph 38 of the Petition.

41.

Mr. Coney denies the allegations contained in Paragraph 39 of the Petition.

42.

Mr. Coney denies the allegations contained in Paragraph 40 of the Petition.

43.

Mr. Coney denies the allegations contained in Paragraph 41 of the Petition.

44.

Mr. Coney denies the allegations contained in the bold, underlined, language between Paragraphs 41 and 42 on page 13 of the Petition that is numbered III.

45.

In response to paragraph 42 of the Petition, Mr. Coney adopts and incorporates herein by reference his foregoing responses to Paragraphs 1 through 41 of the Petition as if set forth fully herein.

46.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of the Petition.

47.

Mr. Coney denies the allegations contained in Paragraph 44 of the Petition.

48.

Mr. Coney denies the allegations contained in Paragraph 45 of the Petition.

49.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of the Petition.

50.

Mr. Coney denies the allegations contained in Paragraph 47 of the Petition.

51.

Mr. Coney denies the allegations contained in the bold, underlined, language between Paragraphs 47 and 48 on page 15 of the Petition that is numbered IV.

52.

In response to paragraph 48 of the Petition, Mr. Coney adopts and incorporates herein by reference his foregoing responses to Paragraphs 1 through 47 of the Petition as if set forth fully herein.

53.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Petition.

54.

Mr. Coney denies the allegations contained in Paragraph 50 of the Petition.

55.

Mr. Coney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Petition.

56.

Mr. Coney denies the allegations contained in Paragraph 52 of the Petition.

57.

Mr. Coney denies each and every allegation contained in the Petition not expressly admitted above.

## Demand for Jury Trial

In accordance with Fed. R. Civ. P. 38(b), Mr. Coney demands a jury trial on all the issues so triable.

## Prayer for Relief

WHEREFORE, having fully answered Allstate's Petition for Declaratory Judgment, Mr. Coney respectfully requests this Honorable Court to (1) enter a judgment in his favor and against Allstate as to all claims made by Allstate, (2) tax all of Mr. Coney's costs to Allstate, and (3) grant such other and additional relief that this Honorable Court deems just and proper.

Date: September 8, 2015.

**s/ Jerry A. Lumley, Esq.**
Attorney Bar Number: 460866
Attorney for Defendant Coney
Lumley & Harper, LLC
6030 Lakeside Commons Drive
Macon, Georgia 31210
Telephone: (478) 471-1776
Facsimile: (478) 757-0675
E-Mail: jerrylumley@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing **Answer of Defendant James Ira Coney** upon the attorneys for Plaintiff Allstate Insurance Company by using the Court's electronic transmission facilities. I further certify that I served the foregoing **Answer of Defendant James Ira Coney** upon the other parties in this action by mailing copies to

| | |
|---|---|
| Narciso O. Perez<br>101 Ash Avenue<br>Huttig, Arkansas 71747 | Plantation Sweets, Inc.<br>c/o Glen A. Cheney<br>100 Memorial Drive<br>Reidsville, Georgia 30453 |
| Perez Forestry, LLC<br>c/o Maria Perez<br>101 Ash Avenue<br>Huttig, Arkansas 71747 | Robbie Lovett<br>1121 Bucksnort Road<br>Metter, Georgia 30439 |

Date: September 8, 2015.

> **s/ Jerry A. Lumley, Esq.**
> Attorney Bar Number: 460866
> Attorney for Defendant Coney
> Lumley & Harper, LLC
> 6030 Lakeside Commons Drive
> Macon, Georgia 31210
> Telephone: (478) 471-1776
> Facsimile: (478) 757-0675
> E-Mail: jerrylumley@att.net